

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2015 | **DATE** | 2/21/2002 |
| **CASE TITLE** | Stephen J. Deanri vs. Genesis Insurance Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Plaintiff's motion for leave to file second amended complaint is granted. (36-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 2 2 2002 | |
| | Notified counsel by telephone. | | date docketed | 43 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | 2/21/2002 | |
| | Copy to judge/magistrate judge. | 02 FEB 21 PM 12: 03 | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEPHEN J. DENARI,           )
                             )
            Plaintiff,       )
                             )
v.                           )    No. 01 C 2015
                             )
GENESIS INSURANCE COMPANY, et al., )
                             )
            Defendants.      )

MEMORANDUM OPINION AND ORDER

Pro se plaintiff Stephen Denari ("Denari") has sought leave to file a Second Amended Complaint ("SAC"), adding two things:

1. prayers for relief in conjunction with pre-existing Counts I and II that seek to invoke remedies provided by 215 ILCS 5/155; and

2. another claim (set out in SAC Count III) that charges Genesis Insurance Company ("Genesis") with having conspired with Navigant Consulting, Inc. ("Navigant") toward Genesis' breach of its Directors and Officers Liability Insurance Policy issued to Navigant's directors and officers (a category that then included Denari).

Genesis has opposed Denari's motion, but Denari's brief reply to Genesis' response has made it plain that in this instance nonlawyer Denari's research has trumped that of Genesis' counsel.

Fully a quarter century has elapsed since our Court of Appeals' opinion in Bailey v. Meister Brau, Inc., 535 F.2d 982, 989 (7th Cir. 1976) quoted Blivas & Page, Inc. v. Klein, 5

Ill.App.3d 280, 285, 282 N.E.2d 210, 214 (2d Dist. 1972) as confirming this principle of Illinois law:

> While it is true that a party cannot be sued in tort for inducing the breach of his own contract, he can be sued for conspiracy with a third person who has induced him to breach his contract resulting in actual damage.

And since the Bailey decision, Dempsey v. Sternik, 147 Ill.App.3d 571, 577, 498 N.E.2d 310, 314 (3d Dist. 1986)--while also citing other Illinois Appellate decisions to the same effect--has reconfirmed the same principle:

> Where the third party influences a contracting party to breach the contract, the innocent contracting party has a cause of action against both the other contracting party and a tort action against the third party.

That then justifies Denari's addition of Count III to the SAC.[1] And as for the proposed addition of a statutory basis for relief under Counts I and II, that alters neither the nature of Denari's required proof nor the manner of Genesis' resistance to Denari's claim. That aspect of Denari's motion is also granted (with the ruling referred to in n.1 to apply here as well).

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　Milton I. Shadur
　　　　　　　　　　　　　　　Senior United States District Judge

Date: February 21, 2002

---

[1] This ruling does not, however, carry with it any enlargement in the about-to-expire schedule for the close of discovery. Denari has identified nothing to indicate that the same claim could not have been advanced earlier, so as to permit any discovery needed in that respect to have been completed.

2